UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK - WHITE PLAINS

In Re:                                                                                              Case No. 25-23170-dsj

KEMMAL FRANCE,                                                                          Chapter 13

      Debtor.

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
**(REAL PROPERTY)**

Nationstar Mortgage LLC[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Kemmal France (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

**1) INTRODUCTION**

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for Creditor's claim. Specifically, Debtor's Plan provides for the cure of arrears and maintenance of ongoing payments, however, it also provides for the cramdown of the claim. Due to the conflicting treatment, Creditor files this Objection to Confirmation. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

**2) STATEMENT OF FACTS**

1. Creditor's claim is evidenced by a promissory note executed by Debtor and Iesha Frazier (collectively the "Borrowers"), and dated September 8, 2016, in the original principal sum of $382,580.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A and incorporated

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

herein by reference.

2. The Note is secured by a mortgage (the "Mortgage[2]") encumbering the real property commonly known as 33 De Halve Maen Dr, Stony Point, NY 10980 (the "Subject Property"). A copy of the Mortgage is attached hereto as Exhibit B and incorporated herein by reference.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See Exhibit A.

4. On December 4, 2025, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York, White Plains Division, and was assigned case number 25-23170-dsj.

5. On January 12, 2026, the Debtor filed his Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $1,916.00 for 60 months. **The Chapter 12 Plan lists Creditor's Claim in section 3.1, Maintenance of Payments and Cure of Default. However, the Plan also includes Creditor's claim in section 3.3, which seeks to bifurcate the claim with a secured claim in the amount of $78,165.04.**

6. Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $430,510.47 and that its pre-petition arrearage claim is in the approximate amount of $77,723.57.

## ARGUMENT

**A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

Here, Creditor's claim is secured by Debtor's primary residence.  11 U.S.C. §1322(b) does not permit a debtor to cramdown a lien secured by the primary residence.  As a result, Debtor's Plan violates section 1322(b), and cannot be confirmed as proposed.

Creditor supports the inclusion of its claim in section 3.1, and seeks any Order Confirming Plan remove Creditor's claim from section 3.3, bifurcation of claim.

### IV. **CONCLUSION**

In light of the Debtors' Plan's failure to provide for a cure Creditor's pre-petition claim in full, Creditor respectfully requests that the Court deny confirmation of the Debtors' Chapter 13 Plan.

WHEREFORE, Creditor respectfully requests:

i)  That confirmation of the Debtor's Chapter 13 Plan be denied;

ii)  Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty (60) months, and removal of any attempt to bifurcate its claim;

iii)  For such other and further relief as this Court deems just and proper.

Dated: January 26, 2026

Respectfully submitted,

*/s/ Jenelle C Arnold*
Jenelle C. Arnold, Bar No.: 5263777
Attorney for Creditor
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
Email: jarnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK - WHITE PLAINS

In Re:                                                                              Case No. 25-23170-dsj

KEMMAL FRANCE,                                                        Chapter 13

       Debtor.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I caused a copy of the **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** to be served via electronic means and/or mailed by U.S. Mail on January 26, 2026 to the parties listed below:

| | |
|---|---|
| Kemmal France<br>33 De Halve Maen Drive<br>Stony Point, NY 10980<br>(via U.S. Mail) | Thomas C. Frost<br>Chapter 13 Standing Trustee<br>399 Knollwood Rd  Suite 102<br>White Plains, NY 10603<br>info@FrostSDNY13.com<br>(via electronic notice) |
| Benjamin Adams<br>Legal Aid Society of Rockland County Inc.<br>2 Congers Road<br>New City, NY 10956<br>badams@legalaidrockland.org<br>(via electronic notice) | Department of Justice<br>Office of the United States Trustee -NY<br>Alexander Hamilton Custom House<br>One Bowling Green, Room 534<br>New York, NY 10004-1408<br>USTPRegion02.NYECF@USDOJ.GOV<br>(via electronic notice) |

January 26, 2026

                                          Respectfully submitted,

                                          /s/ Caitlin Harmon
                                          By: CAITLIN HARMON
                                          3333 Camino del Rio South, Suite 225
                                          San Diego, CA 92108
                                          (858) 750-7600